UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL AMPARO, | Civ. No. 12-6403 (KM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION and ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Gabriel Amparo, filed this appeal from the Commissioner's denial of supplemental social security income (SSI) benefits on October 11, 2012. The final decision of the Appeals Council, from which he appeals, is dated August 1, 2012. The Commissioner moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) because it was not filed within 60 days of Mr. Amparo's receipt of notice of the Appeals Council's denial. I find that the doctrine of equitable estoppel applies, and excuse the filing of this appeal approximately five days late. The motion to dismiss is therefore denied.

### Facts

After Mr. Amparo's application for SSI benefits was denied in 2009 and again in 2010, he filed a timely request for hearing. He appeared and testified before Administrative Law Judge James Andres in Newark on April 4, 2011. On April 28, 2011, Judge Andres gave Notice of his unfavorable decision, finding Mr. Amparo ineligible for benefits in an eleven-page opinion. Amparo requested that the Appeals Council review the ALJ's decision. On August 1, 2012 the Appeals Council gave notice of its denial of review. The parties agree that this is a 'final decision' and that Plaintiff had 60 days from his receipt of notice to file a civil action, unless he received an extension.

Plaintiff filed this action on October 11, 2012. He admits that this filing occurred more than 60 days following the date he received the Appeals Council's notice. (The date of receipt is deemed by law to occur five days after the date of notice of the final decision.) He contends, however, that he received

an extension of the time to file his civil action. Central to this issue are the events of September 25, 2012, the day that Mr. Amparo visited the Social Security district office in Jersey City.

In his Complaint, Mr. Amparo alleges that the "Appeals Council extended [his] time to file a Civil Action to October 25, 2012 on September 25, 2012." (Complaint at ¶ 8). In an affidavit submitted in opposition to the Commissioner's Motion to Dismiss, he swears that he visited the Social Security district office on September 25, 2012, and was informed by a "representative" that "the Appeals Council had granted a 30 day extension within which to file a District Court complaint. The 30 days were to commence with the date of my visit that day." (Pl. Aff. ¶ 4). He further swears that a representative at the district office "returned my copy of the August 1, 2012 Appeals Council Notice after date stamping proof of my September 25, 2012 visit with the hand-written words 'EXTENSION GIVEN.'" (*Id.* at ¶ 5). A copy of that document is attached to Amparo's affidavit.

Steven Rapka, the claims representative who was present at the district office on September 25, 2012, acknowledges that he interviewed Mr. Amparo and stamped Amparo's copy of the Appeals Council notice, memorializing Amparo's appearance at the district office. Rapka states, however, that he "did not write 'Extension Given' on the Appeals Council notice" and "did not grant Plaintiff an extension of time to file his civil action." (Rapka Decl. at ¶¶ 4-8). He adds: "I am neither authorized nor would I grant an extension of time on behalf of the Appeals Council." (*Id.* at ¶ 9).

Rapka entered into the Social Security Administration's electronic records system a description of Plaintiff's visit to the District Office. That record does not mention the grant of an extension of time. It does, however, state that Mr. Amparo would "be seeing his attorney on 10/4/12, which is close to the end of his appeal period," and relates that Amparo "was afraid if he didn't visit our office to inform us of his actions, his appeal would be denied due to late filing." A copy of that electronic record is attached to Rapka's certification. (Rapka Cert. ¶ 4 and Ex. A).

### Discussion

Courts are empowered to review final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g)-(h) and 42 U.S.C. 1383(c)(3).

> (g) Judicial review. Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced <u>within sixty days after the mailing to him of notice of such decision</u>

2

<u>or within such further time as the Commissioner of Social Security may allow...</u>

(h) Finality of Commissioner's decision. The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided...

42 USC § 405 (emphasis added). Here, there is no dispute that the Appeals Council's decision to deny Plaintiff a review of the ALJ's decision constituted a final decision of the Commissioner.

Pursuant to regulation, "mailing" of notice, for purposes of section 405(g), is deemed to occur on the date that the claimant actually receives the Appeals Council's notice of denial. Absent independent proof, the date of receipt is legally presumed to be five days after the date of notice. 20 C.F.R. § 416.1841; *id.* at § 416.1401; *Penner v. Schweiker*, 701 F.2d 256, 257 n. 1 (3d Cir. 1983).

Here, the parties agree that the complaint was not filed within 60 plus 5 days of the Appeals Council's denial notice. *See* 20 C.F.R. § 416.1841; *id.* at § 416.1401. Notice of the final decision was rendered on August 1, 2012. Counting 60 days, plus the 5 day mailing period, yields a deadline of October 6, 2012, at the latest (depending on counting rules). Plaintiff filed this action on October 11, 2012, approximately five days late.

The 60 day period may be extended by the Appeals Council on written request, showing good cause. 20 C.F.R. § 422.210(c); *id.* at § 405.505; *id.* at § 405.20. That would have required a showing of good cause to the Appeals Council. *See* 42 USC § 405(g) and 20 C.F.R. § 422.210(c). Even if I took Plaintiff's statements as true and treated the document bearing the inscription "EXTENSION GIVEN" as authentic, this still would not constitute a legally sufficient extension from the Appeals Counsel. That notation was allegedly made by a person in a local district office. *See* 20 C.F.R. § 405.505; § 405.20. I find that Mr. Amparo did not obtain a valid extension of the deadline.

In addition, this Court has equitable discretion to toll the 60-day period under appropriate circumstances. *See generally Cardyn v. Comm'r of Social Security*, 66 F. App'x 394 (3d Cir. 2003).

[T]here are three principal situations in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (20 where the plaintiff in some extraordinary way has been prevented from

asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."

*Id.* at 397 (quoting *Courtney v. LaSalle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997)). I find that Plaintiff is entitled to equitable tolling to the extent that his filing of this complaint, some five days late, may be treated as timely.

Mr. Amparo has sworn, and the Commissioner's declarant Mr. Rapka has corroborated, that he went to the Jersey City district office on September 25, 2012, before his time to file a civil action expired. The district office date-stamped Amparo's copy of the Appeals Council notice, memorializing his visit. The parties agree, moreover, that Mr. Amparo then and there stated his intention to appeal. The electronic record of the local district office states explicitly the purpose of Mr. Amparo's visit: "he was afraid if he didn't visit our office to inform us of his actions, his appeal would be denied due to late filing." (Pl. Aff. at ¶ 4; Rapka Decl. at ¶ 4, Ex. A).

True, there is a factual dispute as to the truth of Mr. Amparo's contention that Rapka, or the district office, "granted" him an extension, orally and/or in writing. (*Compare* Pl. Aff. ¶ 4 *with* Rapka Decl. ¶¶ 7-8). As set forth below, however, it is not necessary to resolve that factual dispute.[1]

It is crystal clear that Mr. Amparo intended to meet the deadline. The Commission's records confirm that he was concerned about missing the deadline, and went to his district office for the express purpose of making sure he did not. True, that was the wrong place to go; the sought-for extension was obtainable only from the Appeals Council. But for all that appears in this record, Mr. Amparo did not know that. He left the office with, at a minimum, a date-stamped official paper. And there is certainly no evidence that anyone at the local district office advised him that he did *not* have an extension, or advised him that the proper procedure would be to submit an extension request to the Appeals Council in writing.

Mr. Amparo was mistaken, but not egregiously or unreasonably so. He certainly seems to have acted in good faith. He exercised due diligence, in that he sought to obtain an extension prior to the running of the limitations period,

---

[1] Amparo states that a district office representative "excused himself for a short period," informed him that an extension had been granted, and wrote "extension granted" on his copy of the Appeals Council notice. (Pl. Aff. at ¶ 4). Rapka denies this (although his declaration, read closely, does not strictly foreclose the possibility that some other representative wrote on Plaintiff's piece of paper).

The district office, as set forth above, was not empowered to grant such an extension. If it had been, I might have ordered an evidentiary hearing to determine whether it had done so. Here, however, the issue is equitable tolling, and the undisputed facts are sufficient to resolve that issue. To be clear, my ruling does not state or imply that Mr. Rapka is not telling the truth; it is simply unnecessary to resolve the factual issues for present purposes.

and then immediately retained counsel to file a civil action within what he believed to be the extended filing period. *See generally Santos v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (requiring that a plaintiff offer evidence of due diligence in pursuing and preserving his claim). Mr. Amparo unequivocally asserted his rights, albeit by the wrong procedure, in the wrong office. And it must be said, at a minimum, that the district office, having clear knowledge that Amparo sought an extension, failed to advise him as to the proper procedure. Finally, the untimeliness that resulted was not lengthy: this action was filed approximately five days late.

Under all the circumstances, I exercise my equitable discretion to toll the limitations period. I deem this action to have been filed timely.

## CONCLUSION AND ORDER

Accordingly, for the reasons stated above, and good cause having been shown,

**IT IS** this 19th day of December, 2013, **ORDERED** as follows:

Defendant Commissioner's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED**.

HON. KEVIN MCNULTY
United States District Judge

Dated: December 19, 2013
Newark, New Jersey